The NATIONAL ORGANIZATION FOR the REFORM OF MARIJUANA LAWS (NORML), Plaintiff,

v.

UNITED STATES DEPARTMENT OF STATE et al., Defendants.

Civ. A. No. 79-1979.

United States District Court, District of Columbia.

Nov. 21, 1979.

Michael Zeldin, Eric S. Sirulnik, Peter H. Meyers, Washington, D. C., for plaintiff.

James T. Draude, U. S. Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

Plaintiff, the National Organization for the Reform of Marijuana Laws (NORML), an organization dedicated to the decriminalization of marijuana, seeks to enjoin the State Department, the Drug Enforcement Administration (DEA), the Agency for International Development (AID) and the Department of Health, Education and Welfare (HEW) from providing financial and other assistance to Mexico for the purpose of eradicating marijuana and poppy fields by the use of aerially sprayed herbicides. Plaintiff claims that defendants are supporting the use of the herbicides paraquat and 2,4–D, which destroy marijuana and poppy fields, respectively, in violation of the International Security Assistance Act, Pub.L. 95–384, 92 Stat. 730, 22 U.S.C. § 2291(d) (the "Percy Amendment"), the National Environmental Policy Act, 42 U.S.C. § 4321, et seq., and the Eighth Amendment to the Constitution.[1]

1. Plaintiff's claims under NEPA are directed toward various deficiencies in the Environmental Impact Statement (EIS) prepared by the State Department as a result of earlier litigation. See NORML v. United States, Dept. of State, 452 F.Supp. 1226 (D.D.C.1978). The Court has reviewed the EIS and concluded that it contains an adequate assessment of environ-

This matter is currently before the Court on plaintiff's motion for a temporary restraining order and preliminary injunction. It was consolidated for a hearing on the merits, upon due notice to the parties, pursuant to Fed.R.Civ.P. 65(a)(2). After careful consideration of plaintiff's motions, the government's opposition by way of summary judgment, the oral arguments of counsel, and the entire record herein, the Court concludes for the reasons set forth below, that plaintiff's motion for injunctive relief must be denied.

*Discussion*

Pursuant to Section 481 et seq. of the Foreign Assistance Act of 1961, 22 U.S.C. § 2291, *et seq.*, and the United States' obligations under the Single Convention on Narcotic Drugs, the United States and Mexico undertook a joint effort to eradicate marijuana and poppy fields in Mexico in 1975. The United States is interested primarily in the destruction of poppy plants from which heroin is made; the government of Mexico is interested primarily in the eradication of marijuana, a main source of its domestic drug problems. The eradication program is directed and controlled by the Government of Mexico which spends approximately 30 million dollars annually for drug control efforts. Assistance provided by the United States amounts to approximately 10 million dollars annually. The eradication program consists of the aerial spraying of marijuana and poppy plants with the herbicides paraquat and 2,4–D.

Plaintiff's claims concern the use of paraquat, which, when sprayed on marijuana plants, makes them unusable within 24 to 72 hours. If, however, the plants are harvested immediately after spraying and removed from sunlight, the marijuana may be consumed with some residue of paraquat remaining. Paraquat, however, causes fibrosis of the lungs and, if consumed in sufficient quantities, may prove lethal. Studies conducted by the Center for Disease Control indicate that approximately 3.6% of the marijuana consumed in this country (approximately 600 metric tons) is contaminated with paraquat, with 12.8% of that concentrated in the Southwestern states.

Plaintiff alleges that United States assistance provided to the eradication program must terminate because, under the Percy Amendment, assistance may not be made available if the Secretary of HEW finds that "the spraying of an herbicide to eradicate marijuana plants . . . is likely to cause serious harm to the health of persons who may use or consume the sprayed marijuana."[2]

It is undisputed that the Secretary of HEW found earlier this year that consumption of paraquat-contaminated marijuana is likely to cause harm to the health of persons who use it. Under the language of the 1978 Act, this finding may well have operated to preclude further assistance by the United States. However, Congress recently enacted an amendment to the Act, eliminating the phrase "[a]ssistance . . . may not be made available or used for any program involving the spraying of a herbicide, . . ." and substituting "[a]ssistance . . . may not be made available *for the purpose of* the spraying of a herbicide . . ." (emphasis added). The purpose of this amendment, as explained in the Conference Report, was to continue providing assistance to the poppy plant eradication effort, while terminating

mental effects and alternatives, so as . . . "to permit a decisionmaker to fully consider and balance the environmental factors . . ." *Sierra Club v. Morton*, 510 F.2d 813, 819 (5th Cir. 1975). Moreover, insofar as plaintiff challenges the adequacy of the environmental analysis assessing environmental impacts in Mexico on grounds that it is not as thorough as the EIS, the Court concludes that the State Department complied fully with Executive Order 12114, pursuant to which the analysis was prepared. Finally, the Court is not moved by

plaintiff's Eighth Amendment claim that the smoking of paraquat-contaminated marijuana constitutes cruel and unusual punishment.

2. The Act also states that its "prohibition shall not apply if the herbicide is used in conjunction with another substance that will clearly and readily warn potential users and consumers of the sprayed marijuana that a herbicide has been used on it." The government, much to the Court's surprise, is unable to satisfy this requirement.

assistance to marijuana eradication.[3] In furtherance of this legislative purpose, Congress appropriated approximately $9,410,000 in F.Y. 1980 to support the eradication program.

After Congress amended the Act on October 29, 1979, the State Department approached Mexican officials informally and inquired whether an amendment to the Cooperative Agreement, pursuant to which the assistance is given, would be acceptable. This amendment would specify that United States funds are designated "for the purpose of poppy eradication or narcotics interdiction." Thus far, Mexican officials have indicated their willingness to accept such an amendment.

This proposed limitation on the use of the funds, if accepted by the Government of Mexico, would bring the United States into compliance with the Percy Amendment by ensuring that the assistance provided is not used to support the spraying of marijuana with paraquat. In light of the fact that most of the 30 million dollars Mexico appropriates for its drug control efforts is channelled into its marijuana eradication program, it appears unlikely that it will refuse to use the assistance it receives from this country to further United States interests in poppy eradication.

The Court is mindful of the possible effect that a cut-off in funds could have on our relations with Mexico, and on United States drug control efforts, and is therefore unwilling to take such drastic action without some clear indication that the United States cannot comply with the Percy Amendment because Mexico will not accept the limitations imposed by that Amendment.

Accordingly, the Court has ordered the government to inform plaintiff whether or not Mexico has accepted the proposed amendment to the Cooperative Agreement and has authorized plaintiff to return to this Court for further consideration in the event that Mexico does not accept it.

Whether a case is appropriate for injunctive relief is determined by a weighing and balancing of the equities. Foreign policy considerations are involved here. The United States is making every effort to comply with the law. Moreover, it appears that even if an injunction were to issue, Mexico would continue its marijuana eradication program, and only terminate the poppy eradication program, which the United States has a vital interest in maintaining. In light of this balancing process, plaintiff has not sufficiently demonstrated its entitlement to the extraordinary relief it seeks at this time.

Plaintiff's motion for a temporary restraining order and injunctive relief is denied without prejudice. An appropriate order is entered herewith.

**3.** The conference report, dated October 4, 1979, describes the purpose of the clarifying amendment:

> With regard to international narcotics control, the committee of conference wishes to clarify the intent of Congress concerning an amendment adopted in last year's international security assistance legislation and incorporated into law as section 481(d)(1) of the Foreign Assistance Act of 1961 [the Percy Amendment].
>
> Over 2 years ago it was learned that a substantial percentage of the marijuana seized at the Mexican border was contaminated with the highly toxic paraquat. In 1978, the Congress amended section 481 of the Foreign Assistance Act of 1961 to prohibit assistance for the purpose of spraying of marijuana with herbicides that are likely to cause serious harm to the health of potential users. In a subsequent study, HEW determined that paraquat-contaminated marijuana did present a serious health hazard to users.
>
> There has been concern expressed among some government officials as to the action required in order to be in compliance with the terms of the amendment, and questions raised regarding the intent of Congress with respect to its implementation . . . .
>
> *Section 481(d)(1) is not intended to jeopardize the Mexican poppy eradication program.* It demonstrates the concern of the Congress and the people of America about the health risks of paraquat. Unless the law is observed, the spraying of paraquat could spread beyond Mexico to other nations, such as Colombia, that will see paraquat as a viable and U. S. Government-approved means for stopping their marijuana problem. If this takes place the United States will be facing a serious health epidemic, far beyond present circumstances.